# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| MESA MOTORS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.  3:24-CV-102 |
| | § | |
| BEL AIR AUTO AUCTION, INC., | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bel Air Auto Auction, Inc. ("Defendant"), hereby gives notice of the removal of the action styled, *Mesa Motors, LLC v. Bel Air Auto Auction, Inc.*, Cause No. 2024DCV0784 from the 205th Judicial District Court of El Paso County, Texas, to the United States District Court for the Western District of Texas, El Paso Division.

Notice of removal is timely filed.  This Court has original subject-matter jurisdiction over this civil case under 28 U.S.C. §§ 1332(a) and 1441(b), because the amount in controversy exceeds $75,000 and the action is between citizens of different states.  By removing this case, Defendant does not waive, and expressly reserves, any claims and defenses available to Defendant, including but not limited to lack of personal jurisdiction.

## I.    NOTICE OF REMOVAL IS TIMELY

1.    Under 28 U.S.C. § 1446(b), removal based on diversity jurisdiction is timely if the notice of removal is filed within thirty days of the defendant's receipt of a copy of the initial pleading and within one year of the commencement of the action.  28 U.S.C. § 1446(b)(1), (c)(1).

2.      On or about February 20, 2024, Plaintiff Mesa Motors, LLC ("Plaintiff") filed an Original Petition in the 205th Judicial District Court of El Paso County, Texas.  That case was assigned Cause No. 2024DCV0784.

3.      On February 28, 2024, Defendant was personally served with the citation and the Original Petition.  Copies of all certified orders, process, and pleadings filed in the state court action are attached as Exhibit A.

4.      This notice of removal is timely under 28 U.S.C. § 1446(b), because it is filed within thirty days of Defendant's receipt of Plaintiff's Original Petition and citation and within one year of the action's commencement.

5.      Plaintiff did request a jury trial in the state court action.

## II.      DIVERSITY JURISDICTION EXISTS

6.      Removal based on diversity jurisdiction is proper where: (a) there is complete diversity among the parties; (b) none of the properly joined and served defendants are citizens of the state in which the action was commenced; (c) the amount in controversy is greater than $75,000, exclusive of interest and costs; and (d) all properly joined and served defendants join in or consent to removal.  *See* 28 U.S.C. §§ 1332(a), 1441(b)(2), 1446(b)(2)(A).  All of these requirements are met here.

### A.      There is Diversity of Citizenship and No Defendant is a Citizen of Texas

7.      According to Plaintiff's Original Petition, Plaintiff is a limited liability company organized in the State of Texas with its principal place of business in El Paso County, Texas.  Upon information and belief, its sole member or manager is a resident of El Paso County, Texas and citizen of the State of Texas.  *See* Exhibit A.  Accordingly, Plaintiff is a citizen of the State of Texas.

8.      Defendant is a corporation organized in the State of Maryland with its principal place of business in Belcamp, Maryland.  As such, Defendant is a citizen of Maryland for purposes of removal.

9.      In sum, Plaintiff and Defendant are citizens of separate states, and no defendant is a citizen of Texas.

**B.      The Amount in Controversy Requirement is Satisfied**

10.      "The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

11.      Plaintiff's Original Petition seeks monetary relief of $250,000 or less.  *See* Exhibit A.  Specifically, Plaintiff alleges that it seeks to recover "economic damages in the amount of at least $70,000.00" plus "additional damages of up to three (3) times the amount of economic and mental-anguish damages for a DTPA claim."   Furthermore, Plaintiff maintains that it seeks to recover "treble economic damages under Texas Business & Commerce Code § 17.50(b)(1)." Moreover, Plaintiff seeks to recover attorney's fees of "no less than $20,000.00," as well as exemplary damages "in an amount of no less than $100,000."

12.       On its face, therefore, the Original Petition alleges an amount in controversy exceeding the statutory threshold of $75,000.00.

**C.      There Are No Additional Defendants of Which Consent To Removal is Necessary**

13.      Currently, there are no other defendants which need to be contacted to obtain their consent for this removal.

### III.      <u>REMOVAL TO THIS DISTRICT IS PROPER</u>

14.      Plaintiff's Original Petition alleges that Defendant is liable for deceptive trade practices, breach of contract, tortious interference with existing contract, unjust enrichment,

negligent misrepresentation, fraud, breach of duty of good faith and fair dealing, and breach of implied warranty of merchantability.  *See* Exhibit A.

15.     Removal venue exists in the United States District Court for the Western District of Texas, El Paso Division, because the 205th Judicial District Court of El Paso County, Texas in which the action was originally filed is within the jurisdiction of the Western District of Texas, El Paso Division.  *See* 28 U.S.C. § 1441(a).

16.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders on file in the state court are attached, as well as copies of all other process, pleadings, and orders served to date upon Defendant.  *See* Exhibit A.

17.     Notice of the filing of this notice of removal has been served on Plaintiff's counsel, and a copy has been filed with the Clerk of the 205th District Court of El Paso County, Texas.  *See* Exhibit B.

18.     Defendant reserves the right to amend or supplement this Notice of Removal.

Accordingly, for these reasons, Defendant Bel Air Auto Auction, Inc. respectfully requests that the Court assume full jurisdiction over this action.

Respectfully submitted,

SCOTT HULSE<sup>PC</sup>
One San Jacinto Plaza
201 E. Main Dr., Ste. 1100
P.O. Box 99123
El Paso, Texas  79999-9123
(915) 533-2493
(915) 546-8333 Telecopier

By:     */s/ Francisco J. Ortega*_____
        **FRANCISCO J. ORTEGA**
        fort@scotthulse.com
        State Bar No. 24060365
        Attorney for Defendant Bel Air Auto Auction, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I filed this document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing on this 28th day of March, 2024:

Carlos G. Maldonado
cmaldonado@eptxlawyers.com
Carlos A. Miranda
cmiranda@eptxlawyers.com
Miranda & Maldonado, P.C.
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912
*Attorneys for Plaintiff*

*/s/ Francisco J. Ortega*_____
**FRANCISCO J. ORTEGA**

# CASE SUMMARY
## CASE NO. 2024DCV0784

EXHIBIT A

| | | |
|---|---|---|
| MESA MOTORS, LLC | § | Location: **205th District Court** |
| VS | § | Judicial Officer: **Dominguez, Francisco X.** |
| BEL AIR AUTO AUCTION, INC | § | Filed on: **02/20/2024** |
| | § | |

---

### CASE INFORMATION

Case Type: **Deceptive Trade Practices**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2024DCV0784 |
| Court | 205th District Court |
| Date Assigned | 02/20/2024 |
| Judicial Officer | Dominguez, Francisco X. |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **MESA MOTORS, LLC** | **Maldonado, Carlos Gustavo** |
| | | *Retained* |
| | | 915-587-5000(W) |
| | | |
| **Defendant** | **BEL AIR AUTO AUCTION, INC** | |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| | **EVENTS** | |
| 02/20/2024 | Original Petition (OCA) | |
| 02/20/2024 | 📄 E-File Event Original Filing *PLAINTIFF'S ORIGINAL PETITION / MR* | |
| 02/20/2024 | 📄 Request *CITATION REQUEST / JM* | |
| 02/29/2024 | 📄 Affidavit of Service *FOR BEL AIR AUTO AUCTION INC / CA* | |
| | **SERVICE** | |
| 02/22/2024 | **Citation** | |
| | 📄 BEL AIR AUTO AUCTION, INC Served: 02/28/2024 Response Due: 03/25/2024 *EMAILED TO CMALDONADO@EPTXLAWYERS.COM AND LEGAL@EPTXLAWYERS.COM / CA* | |

---

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff** MESA MOTORS, LLC
Total Charges
Total Payments and Credits
**Balance Due as of 3/25/2024**

358.00
358.00
0.00

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY_____ Deputy
MAR 2 5 2024

*Printed on 03/25/2024 at 3:59 PM*

Norma Favela Barceleau
District Clerk
El Paso County
2024DCV0784

**IN THE \_\_\_ JUDICIAL DISTRICT COURT**
**OF EL PASO COUNTY, TEXAS**

| | |
|---|---|
| **MESA MOTORS, LLC,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Cause No. 2024DCV_____** |
| | ) |
| **BEL AIR AUTO AUCTION, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW MESA MOTORS, LLC, Plaintiff herein ("*Mesa Motors*" and/or the "Plaintiff"), by and through its attorneys of record MIRANDA & MALDONADO, P.C. and hereby files this *Original Petition* against Bel Air Auto Auction, Inc. ("*Bel Air*" and/or the "Defendant"). In support of its *Original Petition*, the Plaintiff would respectfully submit as follows:

### I.  DISCOVERY LEVEL

1.    Discovery is intended to be conducted under Level 2 of the *Discovery Control Plan*. Tex.R.Civ.P. 190.2.

### II.  PARTIES

2.    Plaintiff *Mesa Motors, LLC* is a Texas Limited Liability Company with its principal place of business located at 6354 N. Mesa St, El Paso, TX 79912 ("*Mesa Motors*").

3.    Defendant, *Bel Air Auto Auction, Inc.* ("*Bel Air*") is a Maryland Corporation which can be service with their Registered Agent, Attn: Registered Agent, Jacqueline Delisle, BSC-4805 Philadelphia Road, PO BOX 200, Belcamp, MD 21017 or wherever it may be found.

### III.  JURISDICTION

4.    This Court has jurisdiction over the Parties because the Defendant is an out of state corporation doing business with a Texas resident and all part of the actions by Defendant giving rise to the claim occurred in El Paso, Texas, the transactions complained of occurred in Texas, and Defendant was doing business with a Texas Resident.

5.    The damages sought are within the jurisdictional limits of this Court. Tex. R. Civ.P. 47(c). Upon current information and belief, this lawsuit seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties and attorney fees and cost. Tex. R. Civ. P. 47(c)(1).

## IV. FACTS

6.     *Mesa Motors* and *Bel Air* had a business relationship whereby *Bel Air* would sale vehicles to *Mesa Motors* at its auctions around the United States. *Mesa Motors* would then in turn sell the vehicle to third-party customers.

7.     On February 16, 2023, *Mesa Motors* purchased a 2015 BMW X5 35I XDRIVE with Vehicle Identification Number (VIN) 5UXKR0C59F0K63682 as documented under Work Order:1832613 from *Bel Air*, *Bel Air* fraudulent misrepresentation and falsely advertising by falsely claiming a condition rating of 4.4 out of 5 in a condition report which inaccurately indicated that the vehicle could both Run and Drive, based on the misleading and fraudulent information by Bel Air, Mesa Motors purchased the vehicle. Mesa Motors paid for the vehicle with their credit line with Auto Finance Corporation and arranged transportation from Belair, MD, to El Paso, TX.

8.     On February 17, 2023, the transportation informed Mesa Motors client that the vehicle's motor was locked and it did not, in fact, run or drive. Mesa Motors then contacted the security at Belair Auto Auction and multiple other employees in an effort to confirm the vehicle's condition and seek a resolution. Mesa Motors has actively sought to resolve this matter in a timely manner since it first arose on February 16, 2023. Numerous attempts at communication were met with silence, and responses from Jimmy Rufenacht, Bel Air's customer experience manager ("Jimmy") were disingenuous and offered no resolution. Mesa Motors had tried to resulted this issues since February 2023 without any response from Bel Air.

> *February 22, 2023:* Mesa Motors contacted Bel Air and spoke to Jimmy, who was informed that the vehicle had been fraudulently misrepresented with a condition report indicating a 4.4 out of 5 rating, falsely stating the vehicle ran and drove.
> *February 28, 2023:* Mesa Motors sent a demand letter no responses as to the day of this letter.
> *March 1, 2023:* Mesa Motors contacted Bel Air without any response.
> *March 2, 2023:* Mesa Motors requested the supervisor's contact information, no information provided as of today.
> March 13, 2023: Mesa Motors again asked for the supervisor's information as there was no response.
> *March 27, 2023:* Mesa Motors requested an update, as Jimmy had claimed he would run it through the sale and get back, but no response was received.
> *April 13, 2023:* Mesa Motors asked for an update and received no response.
> *May 8, 2023:* Mesa Motors asked for an update and received no response.

9.     *Mesa Motors* notified *Bel Air* of these events and attempted to resolve the issues that are the subject of this lawsuit, but *Bel Air* has not responded to Mesa Motors.

10.    *Bel Air* actions have made it necessary for *Mesa Motors* to retain the undersigned law firm to file this *Petition*.

## V. CAUSES OF ACTIONS
## TEXAS DECEPTIVE TRADE PRACTICES ACT CLAIM

11.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 30 of this *Petition*.

12.      Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiff is consumers of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters.

### *DTPA Violations*

13.      Defendant violated the DTPA when it engaged in false, misleading, or deceptive acts or practices that Plaintiff relied on to their detriment. Specifically, Defendant represented fraudulent misrepresentation and falsely advertising by falsely claiming a condition rating of 4.4 out of 5 in a condition report which inaccurately indicated that the BMW could both Run and Drive, it advertised services to be provided with the intent not to supply them when it was reasonably expected by the public and consumers such as the Plaintiff without any disclosure of any limitations whatsoever; it knowingly made false and misleading statements of fact concerning the condition report of the vehicle that was selling at their auction, , namely representing that the BMW was a 4.4 out of 5.0 on the condition report in order for the plaintiff to purchase the BMW from Bel Air.

14.      By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation:

(a) its unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair or replacement of covered damages to Plaintiff's car on which liability had become reasonably clear. This gives Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

(b)      As described in this petition, Defendant represented to Plaintiff that the car had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

(c)      As described in this petition, Defendant represented to Plaintiff that the car was of a particular standard, quality, or grade when it was of another in violation of Section 17.46(b)(7) of the DTPA;

(d)      As described in this petition, Defendant represented to Plaintiff that the car had been inspected and was of a quality that would suit Plaintiff's needs when it was not, which gives Plaintiff the right to recover under Section 17.46(b)(9) of the DTPA;

(e)      Defendant has breached an express warranty that the car was safe and fit for use under the Defendant's warranty policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

(f)      As described in this petition, Defendant represented to Plaintiff that the car had been inspected and was of a quality that would suit Plaintiff's needs when it was either not inspected as described or the Defendant, or its agents, purposefully withheld the information of the car's defects so that the Plaintiff would be induced into the purchase. Such actions gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

(g)      Defendant's actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of

knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

15.    Defendant violated the DTPA when it engaged in an unconscionable action or course of action that, to Plaintiff' detriment, took advantage of Plaintiff. Specifically, Defendant committed an unconscionable act to Plaintiff' detriment when it fraudulent misrepresentation by providing inaccurate information regarding the condition of the BMW which was selling at its auction to the public and that the plaintiff believed and purchased based on this information. Plaintiff is not required to prove the defendant acted intentionally or knowingly.

**DTPA Notice by Plaintiff**

16.    Plaintiff gave Defendant notice as required by Texas Business & Commerce Code §17.505(a) on September 12, 2023 to the Bel Air.

17.    Defendant's wrongful conduct was a producing cause of Plaintiff's injury, which resulted in damages.

18.    Plaintiff seeks economic damages in the amount of at least $70,000.00 for the costs of replacing the BMW, as it is a commonly known legal principle that Plaintiff can recover additional damages of up to three (3) times the amount of economic and mental-anguish damages for a DTPA claim. Tex. Bus. & Com. Code §17.50(b)(1). Economic damages can be trebled if the defendant knowingly or intentionally violated the DTPA. *Id*.; *Bossier Chrysler-Dodge II, Inc. v. Riley*, 221 S.W.3d 749, 759 (Tex.App.—Waco 2007, *pet. denied*). Mental-anguish damages can be trebled if the defendant acted intentionally. Tex. Bus. & Com. Code §17.50(b)(1). Such an amount is within the jurisdictional limits of this Court. See Tex. R. Civ. P. 47(b).

*Mental-Anguish Damages*

19.    Defendant acted knowingly and intentionally, which entitles Plaintiff to recover mental-anguish damages under Texas Business & Commerce Code § 17.50(b)(1).

*Economic Damages*

20.    Defendant acted knowingly, which entitles Plaintiff to recover treble economic damages, out-of-pocket damages including the cost of repair and replacement, under Texas Business & Commerce Code § 17.50(b)(1) as the damages arise from the Plaintiff's reliance on false, misleading, or deceptive acts or practices, from the breach of a warranty, or from an unconscionable act. Tex. Bus. & Com. Code §17.50(a).

*Treble Economic Damages*

21.    Defendant acted intentionally, which entitles Plaintiff to recover treble economic damages under Texas Business & Commerce Code § 17.50(b)(1).

**BREACH OF CONTRACT AGAINST DEFENDANT**

22.    Plaintiff re-allege and incorporates by reference all previous and subsequent paragraphs herein.

23.    It is *Mesa Motors's* position that Defendant breached the *Agreement*. The obligations created by the *Agreement* constitute a valid and enforceable contract which *Defendant has* breached.

24.    A valid contract requires –
      (1)    an offer;
      (2)    acceptance of the offer;
      (3)    mutual assent or "meeting of the minds" about the subject matter and the essential terms of the contract; and
      (4)    consideration or mutuality of obligation".

*See Int'l Metal Sales, LLC v. Global Steel Corp. & Global Steel Corp., 03-07-00172-CV, 2010 WL 1170218 (Tex. App – Austin Mar, 24, 2010) (citing Baylor Univ. v. Sonnichsen, 221 S.W. 3d 632, 635 (Tex. 2007)).* The *Agreement* between the Parties satisfies these elements.

25.    *Mesa Motors* timely performed all conditions required under the *Agreement* and all conditions precedent to its right of payment and damages have occurred. *Mesa Motors* is therefore entitled to receive from *Defendant* all past due amount and other damages due under the terms of the *Agreement*.

26.    Bound by an enforceable contract, *Defendant* did not then comply with its terms, breached the *Agreement*, and has disregarded demand for payment by *Mesa Motors*.

27.    *Defendant's* breach caused injury to *Mesa Motors*.

28.    *Mesa Motors* is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code Chapter 38 because this suit is for breach of a written contract. *Mesa Motors* has complied with all the requirements of this section.

**TORTIOUS INTERFERENCE WITH EXISTING CONTRACT**

29.    Plaintiff re-allege and incorporates by reference all previous and subsequent paragraphs herein.
30.    The elements of an action for tortious interference with an existing contract under Texas law are as follows:
      a).    The plaintiff had a valid contract.

      b).    The defendant willfully and intentionally interfered with the contract.

      c).    The interference proximately caused the plaintiff's injury.

d).     The plaintiff incurred actual damage or loss.

31.     *Mesa Motors* alleges that it has pre-existing valid contractual relationships with other customers to sell the BMW.

32.     *Mesa Motors* would further allege that *Bel Air* willfully and intentionally interfered with its pre-existing contractual relationships with customers.

33.     *Mesa Motors* further alleges that the interference by *Bel Air* caused financial distress, and thus, the ability to finance its ongoing business operations resulting in actual and consequential damages.

34.     *Bel Air* wrongful acts proximately caused injury to *Mesa Motors* that resulted in the following damages:

      a).     lost of credit opportunities;

      b).     lost profits;

      c).     destruction of business.

35.     *Mesa Motors* seeks damages within the jurisdictional limits of this Court.

36.     *Mesa Motors'* injury resulted from *Bel Air* malice, which entitles it to exemplary damages under <u>Texas Civil Practice & Remedies Code</u> Section 41.003(a).

37.     *Mesa Motors* is entitled to recover reasonable and necessary attorney fees.

## UNJUST ENRICHMENT AGAINST DEFENDANT

38.     Plaintiff re-allege and incorporates by reference all previous and subsequent paragraphs herein.

39.     *Mesa Motors* brings this action for *Unjust Enrichment* against Defendant.

40.     *Mesa Motors* would show that allowing Defendant to remain in possession of the money to date will result in their unjust enrichment at *Mesa Motors's* expense.

41.     *Mesa Motors* would show that Defendant in in possession of funds of Mesa Motors as well as the BMW that constitute a benefit obtained by fraud, duress, and/or taking undue advantage of is relationship with the Plaintiff.

42.     For these reasons. Defendant should not be permitted to remain in possession of property that is *Mesa Motors's* funds.

## CONVERSION

43.     Plaintiff re-allege and incorporates by reference all previous and subsequent paragraphs herein.

44.     The elements for civil conversion under Texas law are as follows:

      a).     The plaintiff owned or legally possessed personal property or plaintiff had a right to immediate possession of the personal property

      b).     The defendant wrongfully acquired and exercised dominion and     control over plaintiff's personal property.

      c).     The defendant refused to return the property on plaintiff's demand,     or defendant's acts amounted to a clear repudiation of

plaintiff's rights, or demand for the return of the property would have been useless.

    d).    The defendant's wrongful acts proximately caused injury to plaintiff, which resulted in damages.

45.    *Mesa Motors* legally owned the *Bank Account* which held and possessed sufficient funds to reflect that Mesa Motors did not have any negative balance.

46.    As the owner of the *Bank Account*, *Mesa Motors* had a right to immediate possession of the funds deposited in the *Bank Account*.

47.    *Bel Air* wrongfully acquired and exercised dominion and control over *Mesa Motors'* personal property consisting of the funds deposited in the *Bank Account*.

48.    *Bel Air* acts amounted to a clear repudiation of *Mesa Motors'* rights to the funds in its own *Bank Account*.

49.    *Bel Air* wrongful acts proximately caused injury to *Mesa Motors* that resulted in the following damages:

    a).    lost of credit;
    b).    lost profits;
    c).    destruction of business.

50.    *Mesa Motors* seeks damages within the jurisdictional limits of this Court.

51.    *Mesa Motors'* injury resulted from *Bel Air* malice, which entitles it to exemplary damages under <u>Texas Civil Practice & Remedies Code</u> Section 41.003(a).

52.    *Mesa Motors* is entitled to recover reasonable and necessary attorney fees.

## NEGLIGENT MISREPRESENTATION AGAINST DEFENDANT

53.    Plaintiff re-allege and incorporates by reference all previous and subsequent paragraphs herein.

54.    Defendant made these representations in the course of their business or in a transaction in which they had a pecuniary interest.

55.    The representations supplied false information for the guidance of Plaintiff.

56.    Defendant did not exercise reasonable care or competence in obtaining or communicating the information.

57.    Defendant should have realized that their acts would cause loss and damage to Plaintiff.

58.    As a consequence of Defendant's negligent misrepresentations, Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this Court.

## FRAUD AGAINST DEFENDANT

59.    Plaintiff re-allege and incorporates by reference all previous and subsequent paragraphs herein.

60.     Defendant knowingly made material misrepresentations with knowledge of their falsity or made recklessly without any knowledge of the truth and as a positive assertion with the intention that they should be acted on by *Mesa Motors*.

61.     *Mesa Motors* relied on misrepresentations and thereby suffered damages.

62.     Furthermore, Defendant concealed or failed to disclose material facts regarding the true status of the BMW, with the knowledge that Plaintiff was ignorant of the facts and did not have an equal opportunity to discover the truth, with the intention of purchasing a vehicle that it was not going to be able to sell.

63.     Based upon Plaintiff's reliance upon the misrepresentations and non-disclosure of material facts described above, Plaintiff has been damaged in a sum in excess of the minimum jurisdictional limits of this Court.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

64**.**     Plaintiff re-allege and incorporate by reference all previous and subsequent paragraphs herein.

65.     Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

66.     Plaintiff re-allege and incorporate by reference all previous and subsequent paragraphs herein.

67.     Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action against Defendant under the provisions of the Texas Business and Commerce Code 2.314. Implied Warranty of Merchantability. Defendant is an auction company that is engaged in the business of buying and selling cars. As such, Defendant is considered a Merchant of cars. Plaintiff purchased the car from Defendant. Since Plaintiffs purchased a car from Defendant who is a car merchant, the transaction between Defendant and Plaintiffs comes with an implied warranty that the goods (the car) shall be merchantable.

68.     By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 2.314(b)(3) and (4) of the Texas Business and Commerce Code. In this respect, Defendant's violations include, without limitation:

a)      As described in this petition, the car purchased by Plaintiff was not fit for the ordinary purpose for which the good was to be used. This gives Plaintiff the right to recover under Section 2.314(b)(3) of the UCC;

b)      As described in this petition, the car purchased by Plaintiff did not run within the variations permitted by the agreement, of even kind and quality within each unit and among all units involved, which gives Plaintiff the right to recover under Section 2.314(b)(4) of the UCC;

69.     All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act and under the Texas Business and Commerce Code.

## VIII. EXEMPLARY DAMAGES

70.     The misrepresentations described above were done willfully and maliciously or with a conscious indifference to the rights of *Mesa Motors* and constitute conduct for which the law allows the imposition of punitive damages. The acts and conduct described above were malicious, without just cause, and with reckless disregard for the rights of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages by reason of the loss it has suffered as a result of Defendant' wrongful acts in an amount of no less than $100,000.

## IX. ATTORNEY'S FEES

71.     Defendant's conduct has made it necessary for Plaintiff to employ the undersigned firm of attorneys to file this suit. A reasonable fee for the attorney's services rendered and to be rendered through trial is no less than $20,000.00. In addition, Plaintiff seeks recovery for reasonable attorney's fees through appeal.

## X. TRIAL EVIDENCE

72.     Plaintiffs hereby notify Defendant that intends to use Defendant's discovery responses, including any evidence produced in response to such discovery, as evidence at trial in accordance with such rights and privileges established by Rule 193.7.

73.     The above claims are made additionally and in the alternative.

74.     Plaintiff reserves the right to amend or supplement this pleading.

**NOTICE TO DEFENDANT: PURSUANT TO RULE 902 OF THE TEXAS RULES OF CIVIL EVIDENCE, DEFENDANT ARE NOTIFIED THAT PLAINTIFF IS FILING THE RECORDS ATTACHED TO THIS PETITION, WITH THE PAPERS OF THIS CAUSE, WHICH SHALL BE OFFERED AS EVIDENCE AT TRIAL OF**

**THIS CAUSE. SUCH RECORDS WILL BE MADE AVAILABLE TO THE DEFENDANT OR DEFENDANT's COUNSEL FOR INSPECTION AND COPYING AT THE OFFICES OF THE ATTORNEY FOR PLAINTIFF.**

## XII. PREJUDGMENT AND POST-JUDGMENT INTEREST

75.    Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## XIII. INITIAL MANDATORY DISCLOSURES

76.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a) through (i).

## VI.    JURY DEMAND

77.    *Mesa Motors* demands a jury trial and tenders the appropriate fee with this *Petition*.

## X. CONDITIONS PRECEDENT

78.    All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## XI.    PRAYER FOR RELIEF

For these reasons, plaintiff prays that the defendant be cited to appear and answer, and that on the final trial, that Plaintiff be awarded a judgment against Defendant for all relief requested, for costs, pre-judgment and post-judgment interest, attorney's fees and for such other relief, general and special, at law or in equity, to which the plaintiff is entitled. for the following:

Respectfully submitted,

**MIRANDA & MALDONADO, P.C.**
5915 Silver Springs, Bldg. 7
El Paso, Texas 79912
(915) 587-5000 (Telephone)
(915) 587-5001 (Facsimile)

*/s/ Carlos G. Maldonado*
Carlos A. Miranda, Esq., SBN 14199582
cmiranda@eptxlawyers.com
Carlos G. Maldonado, Esq., SBN 24098905
cmaldonado@eptxlawyers.com
Counsel for the Plaintiff

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy
MAR 2 5 2024

Filed on February 22, 2024
10:48:20 AM
Norma Favela Barceleau
District Clerk
El Paso County, Texas

Aguirre, Clarisa

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **BEL AIR AUTO AUCTION, INC,** who may be served with process by serving their registered agent, **Jacqueline Delisle at BSC-4805 Philadelphia Road, PO BOX 200, Belcamp, MD  21017** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **205th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 20th day of February, 2024 by Attorney at Law, CARLOS GUSTAVO MALDONADO, 5915 SILVER SPRINGS, BLDG 7, EL PASO, TX  79912, in this case numbered **2024DCV0784** on the docket of said court, and styled:

**MESA MOTORS, LLC**
**VS**
**BEL AIR AUTO AUCTION, INC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 22nd day of February, 2024.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
Enrique Moreno County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:  NORMA FAVELA BARCELEAU  District Clerk
El Paso County, Texas

By: _____
Clarisa Aguirre

Deputy

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached to such citation."

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk

BY _____ Deputy

MAR 25 2024

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ___M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance |
|------|------|------|------|------|------|------|------|
| | MONTH | DAY | YEAR | Hour | Min. | ____.M. | From Court House |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being_____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy _____ $ _____   _____ Sheriff

_____   _____ County, Texas

Total _____ $ _____   by _____, Deputy

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ___m. this copy of this instrument.

_____, Sheriff/Agent

_____ County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**



El Paso County - 205th District Court

Filed 2/29/2024 8:09 PM
Norma Favela Barceleau
District Clerk
El Paso County
2024DCV0784

Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | |
|---|---|
| **District Court**<br>**205th Judicial District**<br>**El Paso County, Texas** | |

| Plaintiff | Cause # |
|---|---|
| **MESA MOTORS, LLC** | **2024DCV0784** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **BEL AIR AUTO AUCTION, INC.** | **2/23/2024**    **9:28 PM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Personal** | **2/28/2024**    **11:38 AM** |

| Documents | Service Fee: |
|---|---|
| **CITATION; PLAINTIFF'S ORIGINAL PETITION** | **$75.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **2/28/2024** at **11:38 AM**: I served **CITATION and PLAINTIFF'S ORIGINAL PETITION** upon **BEL AIR AUTO AUCTION, INC. c/o Jacqueline Delisle, REGISTERED AGENT** by delivering 1 true and correct copy(ies) thereof, with **BEL AIR AUTO AUCTION, INC. c/o Jacqueline Delisle, REGISTERED AGENT, I delivered the documents to Jacqueline Delisle, REGISTERED AGENT with identity confirmed by subject showing identification. The individual accepted service with direct delivery. The individual appeared to be a gray-haired white female contact 45-55 years of age, under 5' tall and weighing 80-120 lbs with glasses** at 4805 Philadelphia Rd, Belcamp, MD 21017.

My name is: **Gale Alston**. My date of birth is: **12/06/1971**
My address is: **13 Aven Way, Nottingham, MD 21236**, USA.
null

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in ___Nottingham, MD_____ county, TX.

_____          02/29/2024
Gale Alston                                        Date Executed

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY_____ Deputy
MAR 2 5 2024

Ref REF-15058172
0125506046
txefile@abclegal.com

 Miranda & Maldonado PC

Tracking # 0125900563

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Carlos Maldonado
Bar No. 24098905
cmaldonado@eptxlawyers.com
Envelope ID: 85079248
Filing Code Description: No Fee Documents
Filing Description: Citation Return
Status as of 3/1/2024 9:56 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos AlejandroMiranda | | cmiranda@eptxlawyers.com | 2/29/2024 8:09:01 PM | SENT |
| Carlos G.Maldonado | | cmaldonado@eptxlawyers.com | 2/29/2024 8:09:01 PM | SENT |
| Juan JoseAguirre | | legal@eptxlawyers.com | 2/29/2024 8:09:01 PM | SENT |



El Paso County - 205th District Court

Filed 2/20/2024 3:37 PM
Norma Favela Barceleau
District Clerk
El Paso County
2024DCV0784

# MIRANDA & MALDONADO
ATTORNEYS AND COUNSELORS AT LAW

5915 Silver Springs, Bldg. 7 | El Paso, Texas 79912 | Ph: 915.587.5000 | Fax: 915.587.5001 | www.eptxlawyers.com

February 20, 2024

<u>**Via Electronic Filing**</u>
District Clerk of El Paso County, Texas
500 E, San Antonio
El Paso, Texas 79901

      Re: Request for Issuance of Citation
      *Mesa Motors LLC v. BEL AIR AUTO AUCTION, INC.- Cause No. 2024DCV0784*

To Whom It May Concern:

      Please consider this filing as a request for one (1) Citation on the above-referenced matter, against Defendant, *BEL AIR AUTO AUCTION, INC*

      This request has been e-filed by **cmaldonado@eptxlawyers.com** and we request that the Citation be returned to this office via email to **cmaldonado@eptxlawyers.com** and **legal@eptxlawyers.com.**

      Please note that payment for the Citations has been submitted via e-filing with this request. Thank you for your prompt attention to this matter.

                    Sincerely,
                    **Miranda & Maldonado, P.C.**

                    <u>**/s/Carlos G. Maldonado**</u>
                    Carlos G. Maldonado

A TRUE COPY, I CERTIFY
NORMA FAVELA BARCELEAU
District Clerk
BY _____ Deputy

MAR 2 5 2024



**Carlos A. Miranda, Esq.**
cmiranda@eptxlawyers.com
Board Certified in Business and Consumer
Bankruptcy Law by the Texas Board of Legal
Specialization

**Carlos G. Maldonado, Esq.**
cmaldonado@eptxlayers.com
Licensed in Texas, Oklahoma, and District of
Columbia

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Carlos Maldonado
Bar No. 24098905
cmaldonado@eptxlawyers.com
Envelope ID: 84710267
Filing Code Description: REQUEST
Filing Description: CITATION REQUEST / JM
Status as of 2/21/2024 10:29 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carlos AlejandroMiranda | | cmiranda@eptxlawyers.com | 2/20/2024 3:37:24 PM | SENT |
| Carlos G.Maldonado | | cmaldonado@eptxlawyers.com | 2/20/2024 3:37:24 PM | SENT |
| Juan JoseAguirre | | legal@eptxlawyers.com | 2/20/2024 3:37:24 PM | SENT |

